## Bowser v. Pleasant Construction, Inc.

*Blackman, Blackman & Osheill*, for plaintiff.
*Bernard J. Hessley*, for defendant.
*Bradley F. Foulk*, of *Knox, Graham, McLaughlin, Cornell & Sennett*, and *David E. Vandercoy*, of *Dunn & Conner*, for additional defendants.

WOLFE, *P.J.*, October 13, 1978—Additional defendants have filed preliminary objections to joining them on the cause of action declared by plaintiff against defendant.

Rule 2252(a) of the Rules of Civil Procedure relating to the right to join additional defendants states:

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon

with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

Plaintiff has alleged defendant constructed plaintiff's home under a contract and after the completion thereof the basement wall collapsed. Defendant joined additional defendants alleging additional defendants insured and represented to defendant that a policy of insurance issued to defendant provided protection and coverage for defendant from any liability caused by the collapse of a basement or foundation wall. Defendant therefore argues the policy provided was public liability insurance and additional defendants are liable over to defendant for the cause of action declared by plaintiff.

Defendant relies upon Graybar Electric Company v. Bruns Electric, Inc., 5 D. & C. 3d 429 (1978), to support the joinder of additional defendants. We note the issue in that case was whether the rule permits joinder of an express indemnitor or insurer. The court, permitting the joinder held "[t]he argument that any cause of action based upon an express indemnity agreement will, at best, arise only partly out of the transaction or occurrence upon which plaintiff's cause of action is based places form over substance in a manner that will defeat the very purposes for the 1969 amendments." It is clear therefore the joinder of additional defendants, as surety, was permitted because of an express executed agreement to indemnify and hold harmless defendants joining them; that is, additional defendants bonded themselves to pay defendant's

234

surety if defendant's surety paid plaintiff.* This was so, notwithstanding plaintiff sued defendant only for the failure of defendant to pay plaintiff for materials furnished by plaintiff to defendant.

In the instant case there is no express agreement by additional defendants to indemnify defendant for this particular construction. The alleged policy to indemnify defendant is a general liability policy apparently used by defendant throughout all of his construction contracts.

The rule specifically provides and limits joinder of those persons who may be liable to the joining party on any cause of action which he may have against the joined party "arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." In no sense, in the instant case, was there any transaction or occurrence or series of transactions between additional defendants and defendant concerning the construction of plaintiff's home. In Fitzgerald v. Rottner, 56 D. & C. 2d 750 (1972) the court held the 1969 amendment to Rule 2252 does not permit the joinder of an express insurer or indemnitor. Rather, any liability must be based upon the contract of insurance between defendant and additional defendants.

In conclusion, we believe before joinder of an alleged indemnitor is proper the joining party must be able to establish that plaintiff or the joining party was to be the beneficiary of the contract between the joining party and the party joined on the specific cause of action plaintiff declares. If otherwise, a general indemnitor insurer would have the possible defense of no liability for the cause of action

*Defendant's surety company also desired surety from additional defendant. before it would indemnify defendant.

declared upon by plaintiff to defendant which necessitates initially establishing defendant's liability to plaintiff. To hold otherwise would permit the automatic joinder of defendant's carrier in any action in which defendant may have general indemnity insurance. We believe the rule makes it clear this was not contemplated as the respective parties' rights must arise out of the transaction or occurrence or series of transactions or occurrences *upon which plaintiff's cause of action is based.*

For the foregoing reasons we enter the following

## ORDER

And now, October 13, 1978, the preliminary objections of additional defendants are sustained and they are stricken from the captioned action.